## TOBIA *v.* JOHNS

APPEAL AND ERROR—EQUITY.

> Cases involving equity jurisdiction are reviewed in the Court of Appeals *de novo,* but ordinarily the Court of Appeals will not reverse the lower court where there is evidence and testimony to support the finding of the lower court, unless justice demands or the evidence preponderates the other way.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 February 7, 1969, at Lansing. (Docket No. 4,953.)    Decided February 28, 1969.

Complaint by Rajee R. Tobia and Julia Ann Tobia against Johnnie I. Johns and Josephine Johns to set aside a quit claim deed executed by plaintiffs to defendants, for an accounting, and for other relief. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Glassen, Parr, Rhead & McLean,* for plaintiffs.

*Farhat, Burns, Treleaven & Luoma,* for defendants.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 822.

Per Curiam. Plaintiffs brought suit praying that a quit claim deed dated December 29, 1958, from plaintiffs to defendants be set aside, for an accounting, and for other relief.

Plaintiffs alleged that their signatures on the deed were procured by the fraud of defendant Johnnie Johns. They alleged that an oral partnership agreement existed between themselves and defendant Johns for the purpose of developing the property involved, and that Johns had misrepresented the deed and other documents as "assignments" necessary in furtherance of their agreement.

The court below entered a judgment of no cause of action after a trial without a jury. The trial judge was of the opinion that the plaintiffs had failed to sustain the burden of proof of their allegations.

"Cases involving equity jurisdiction are reviewed in this court *de novo,* but ordinarily the court will not reverse the lower court where there is evidence and testimony to support the finding of the lower court unless justice demands or the evidence clearly preponderates the other way. Primarily, this is because the trial court is in better position to determine the credibility of witnesses by observing their conduct and demeanor in court, an opportunity which the reviewing court on appeal obviously does not have." *Osius* v. *Dingell,* 375 Mich 605, 611, 612.

A review of the evidence in this case convinces this Court that had it sat as the trier of the facts, it would have reached the same result as did the trial court.

Affirmed, with costs to defendants.